IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR PUBLIC INTEGRITY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:05-cv-02313 (JDB) |

**DEFENDANTS' ANSWER**

Defendants the United States Department of State ("the State Department"), the United States Department of Health and Human Services ("HHS"), and the United States Agency for International Development ("USAID") hereby answer the complaint for declaratory and injunctive relief of plaintiff Center for Public Integrity.

**Affirmative Defense**

Defendants object to the complaint to the extent that it imposes obligations upon defendant which exceed those imposed by the Freedom of Information Act ("FOIA"). In particular, defendants HHS and USAID aver that plaintiff improperly failed to exhaust administrative remedies, and the causes of action with respect to those requests should be dismissed.

**Defendants' Responses to Numbered Paragraphs**

1. This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

2. This paragraph sets forth plaintiff's assertion of jurisdiction and thus is a legal conclusion to which no response is required.

3. Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

4. Defendants admit that the State Department, HHS and USAID are agencies of the United States. The State Department admits that it possesses records responsive to some of plaintiff's requests. Otherwise, defendants deny that they possess records that they are required to produce in response to plaintiff's requests.

5-11. Paragraphs 5 through 11 characterize plaintiff's FOIA requests to the State Department. To the extent a response is required, the State Department admits that plaintiff sent the State Department letters dated September 16, 2005 and October 18, 2005, containing FOIA requests.

12. HHS denies paragraph 12.

13-14. Paragraphs 13 and 14 characterize plaintiff's FOIA requests to USAID. To the extent a response is required, USAID denies receiving a letter dated October 19, 2005, but admits to receiving two letters dated October 25, 2005, containing FOIA requests. Defendant additionally avers that it received those letters on November 7, 2005, acknowledged receipt of the FOIA requests, and sought clarification from the plaintiff; on November 30, 2005, plaintiff clarified its requests.

15. The State Department admits the allegations of the first sentence, but denies in part the allegations of the second sentence because the State Department has made a determination on two of plaintiffs' requests. HHS denies the allegations of this paragraph because it has not received a request from plaintiff. USAID admits that more than twenty days had passed

at the time the complaint was filed since receipt of plaintiff's original requests, but denies that 20 days had elapsed since it requested or received plaintiff's clarified request. USAID denies the second sentence.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in this paragraph.

The balance of the complaint constitutes a prayer for relief to which no answer is required. Defendants deny that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations not expressly admitted or denied.

THEREFORE, having fully answered, defendants assert that plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that defendants be given such other relief as the Court deems just and proper.

Dated: January 31, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

/s/Amy E. Powell
AMY E. POWELL
Attorney (NY Bar)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Rm. 7217
Washington, D.C. 20530
Telephone: (202) 514-9836
Facsimile: (202) 616-8202
Email: amy.powell@usdoj.gov