# ATTACHMENT 14

Margaret P. Grafeld
Information & Privacy Coordinator
Office of Information Resources Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-6001

October 18, 2005

Dear Ms. Grafeld:

This is a request under the **Federal Freedom of Information Act** (FOIA), the First Amendment to the United States Constitution, the common law of the United States, the Privacy Act (5 U.S.C.) section 552a, and any statue providing for public access to government information:

I request that I be sent copies of the following documents:

- **All contracts made in relationship to the President's Emergency Plan for Aids Relief (Pepfar) since the creation of the plan through the date on which you process this request.**

I am filing this FOIA request as a "representative of the news media," which both the Department of State and the Central Intelligence Agency have granted members of my organization in previous FOIA searches of their archives. This designation entitles me to a waiver of fees accumulated during the actual search and review process. However, if your agency does determine that I should be charged for any part of this request, please contact me before any searches reach an estimate cost of $25.

The Center for Public Integrity is a nonpartisan, nonprofit investigative reporting organization, based in Washington, D.C., whose mission is to examine and write about public service and ethics-related issues.  The International Consortium of Investigative Journalists was created in 1997 as a project of the Center for Public Integrity. For more information on the Center for Public Integrity, ICIJ, and their online publication, please refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org.

In reference to our request I have provided the following information addressing the points listed in the Department of Justice's FOIA Guide, 2002 Edition: Fees and Fee Waivers, as found online at http://www.usdoj.gov/oip/fees.htm.

1. The content from these contracts "is likely to contribute" to the understanding of your agency to the common reader.  Our research would not be possible without the specific content garnered by the release of the requested information. Prior to any action on this FOIA request, this information is not in the public domain.

2. Due to the nature of our organization, the Center for Public Integrity, the disclosure under our FOIA request will "contribute to the understanding of the public at large."  The information will be posted to our newsletter, *The Public i* and on our website, www.publicintegrity.org, and will be read by a large number of people. We expect the

information produced through this and other FOIA requests to serve as the basis for several press releases and articles that explain the actions and operations of government to the general public. Similar stories we have written in the past have increased the understanding of an issue by a large percentages of the public. For example, our organization posted the first stories about the "Lincoln Bedroom" scandal under the Clinton administration, and now the general public knows that campaign contributors to the Democratic Party were allowed to stay at the White House. Other stories, including the Center's exclusive release of Securities and Exchange Commission Records pertaining to President Bush's sale of Harken stock and Vice President Cheney's connections to the Halliburton Corporation have similarly informed the public.

**3.** In addition to publishing the information on our website, relevant information from this FOIA request will also be distributed to the general public via major news organizations. Among the news organizations that referred to our reports during a recent time period are: CBS, NBC, CNN, NPR, U.S. News & World Report, AP, AFP, Reuters, Knight Ridder, Cox News, New York Times, Washington Post, Los Angeles Times, USA Today, Dallas Morning News, Houston Chronicle, Austin American Statesman, Chicago Tribune, Philadelphia Inquirer, Christian Science Monitor, Atlanta Journal & Constitution, San Francisco Chronicle and the Seattle Times. International newspapers such as The Gazette (Montreal), Daily Telegraph (London), The Guardian, Irish Times, Scotland on Sunday and Hong Kong Mail have also cited the Center reports during a recent time period. We expect that information provided through this FOIA request will similarly result in reporting featured by such national and global news organizations.

The Center for Public Integrity also possesses the skills necessary to process the requested information. We are investigative journalists. We write and post an online newsletter. Other members of the media consider us to be news organization as evidenced by our numerous awards over the years from the Society of Professional Journalists and the Investigative Reporters and Editors Inc. Additionally, many federal agencies have deemed the Center for Public Integrity to be news media for FOIA requests.

**4.** The disclosures we requested through the Freedom of Information Act do not primarily serve any "commercial interest." Any data derived from our request will be used primarily to educate the public and will be distributed freely. As described in section (3), we represent the news media and plan to distribute this information to the public.

**5.** In reference to any "commercial interest," we do not have any. Almost all of our money comes from grants and donations. The Center for Public Integrity is a non-profit. Almost all of the publications by the Center are made available without charge.

As I am sure you are aware, the Freedom of Information Act, under 32 C.F.R. 806, requires that if part of a record is exempt from disclosure, you must redact and release all segregated parts. Please describe the deleted material in detail and specify the reasons for believing that the alleged statutory justification applies in this instance.

I look forward to your decision on granting or denying our request within 20 days as outlined by the statute. As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request. If my request is denied in whole or in part, please specify which exemption(s) is (are) claimed for each passage or whole document denied. In addition, please give the number of pages in each document and the total number of pages pertaining to this request and the dates of the documents withheld. Please provide copies of any logs, internal tracking numbers or other file-tracking device or system of documents in existence but denied disclosure. Such statements will be helpful in deciding whether to appeal an adverse determination.

I appreciate your attention to this and expect, as the FOIA provides, to hear from your office within 20 days. If you have any questions about the nature or scope of this request, please call me at: 202-481-1211.

Sincerely,

Marina Walker Guevara

Marina Walker Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC 20006
202-481-1211
mwalker@icij.org

# ATTACHMENT 15



**United States Department of State**

*Washington, D.C. 20520*

December 23, 2005
Case Number: 200504795

Ms. Marina W. Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC 20006

Dear Ms. Guevara:

This is in response to your Freedom of Information Act (FOIA) request, dated October 18, 2005 for copies of documents concerning all contracts made in relationship to the President's Emergency Plan for Aids Relief (Pepfar) from its creation to the present.

We will begin the processing of your request based upon the information provided in your communication. We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

---

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 15

-2-

**Fees:** The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the "news media" requester category. This category requires us to assess:

- duplication costs after first 100 pages.

(see 22 CFR 171, enclosed)

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

You have stated your willingness to pay the fees incurred in the processing of this request up to $25.00.

We will notify you of the costs incurred in processing your request as soon as the search for and review of any responsive documents have been completed.
While we will make every effort to meet the time limits cited in the

*Office of Information Programs and Services*
*U.S. Department of State  SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

- 3 -

Freedom of Information Act (5 USC § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Katrina M. Wood
Requester Communications Branch

Enclosure: As stated.

Office of Information Programs and Services
U.S. Department of State  SA- 2
Washington, DC 20522-8100
        Web site: foia.state.gov

Inquiries:
Phone: 1- 202- 261- 8314
FAX: 1- 202- 261- 8579
email:  FOIAStatus@state.gov

# ATTACHMENT 16



**United States Department of State**

*Washington, D.C. 20520*

FEB - 3 2006

Case No. 200504795

Ms. Marina Walker Guevara
The Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, D.C. 20006-2606

Dear Ms. Walker Guevara:

We are writing to provide additional information, and to request clarification about the FOIA request identified above.

According to our records, you have requested "all contracts made in relationship to the President's Emergency Plan on AID Relief (PEPFAR) since the creation of the plan through the date on which you process this request." Please clarify what you are seeking pursuant to this request.

Please be advised that the Office of Global AIDS Coordinator (S/GAC) has informed this office that it enters into contracts of an administrative nature related to its Washington, D.C. employees and office operations; but does not conclude or administer contracts of a programmatic nature. According to S/GAC, the primary implementing agencies (Department of Health and Human Services, U.S. Agency for International Development, Department of Defense, Department of Labor and Peace Corps) enter into contracts that may be necessary for the programmatic functions of the PEPFAR program. Furthermore, S/GAC does not maintain a collection of such contracts.

Therefore, if what you seek is limited to contracts of a programmatic nature, you should direct your request for such contracts to those other agencies, and let us know so that we may close your request. We have deferred taking further action on this request pending clarification from you. If we do not hear from you within 15 days of the date of this letter, we will close your request and no further action will be taken.

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 16

- 2 -

Please send your response to the Office of Information
Programs and Services, SA-2, Department of State,
Washington, D.C. 20522-8100.  Please be sure to refer to the
case number shown above in all correspondence about this
case.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs
    and Services

# ATTACHMENT 17

Case No. 200504795

February 10, 2006

Ms. Margaret P. Grafeld
Director
Office of Information Programs and Services

Dear Ms. Grafeld:

This letter is in response to you letter from February 3, 2006, regarding my FOIA request (Case No. 200504795). I would like to clarify the terms of the request.

We are requesting any list or index or register or document containing same of all contracts, grants and/or agreements that have been made in relation to the President's Emergency Plan on AIDS Relief (Pepfar) since the creation of the plan in 2003 to the date on which you process this request. The document should include, but not be limited to, lists of Pepfar partners and subpartners; obligated funds; program areas for which the grantee is funded; and the US government agency(s) involved in awarding each individual grant.

Part of this information is available on the Office of the Global Aids Coordinator Web site, including the "Partner Data for FY 2005: Obligated Funds and Sub-Partners." However, funding levels and program areas are not available for FY2004 and the US government agencies involved in each specific grant are not listed either.

We look forward to receiving this information soon. Please contact us if you need further clarification.

Sincerely,

Marina Walker Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC 20006
202-481-1211
mwalker@icij.org

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 17

# ATTACHMENT 18



**United States Department of State**

*Washington, D.C. 20520*

FEB 17 2006

Case No. 200504795

Ms. Marina Walker Guevara
The Center for Public Integrity
910 17th Street, N.W. 7th Floor
Washington, D.C. 20006-2606

Dear Ms. Walker Guevara:

Reference is made to your letter of February 10, 2006 in
which you rephrased your request to include "any list or
index or register of document containing same of all
contracts, grants and or agreements that have been made in
relation to the President's Emergency Plan on AIDS Relief
(PEPFAR) since the creation of plan in 2003 to the date on
which you process this request."

Please be advised that we have forwarded your letter to the
Office of the Global AIDS Coordinator (S/GAC) for further
action. When S/GAC completes its search for responsive
records, we will inform you of the results.

Additional information will be provided as soon as it
becomes available.

If you have any questions with respect to the processing of
your request, you may write to the Office of Information
Programs and Services, A/RPS/IPS/WEP, Room 8100, SA-2,
Department of State, Washington, D.C. 20522-8100. You may
also reach us by telephone at (202) 261-8314. Please be sure
to refer to the case control number shown above in all
correspondence about this case.

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 18

- 2 -

Your continuing cooperation is appreciated.


                    Sincerely,



                    Margaret P. Grafeld
                    Director
                    Office of Information Programs
                    And Services

# ATTACHMENT 19

Margaret P. Grafeld
Information & Privacy Coordinator
Office of Information Resources Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-6001

October 19, 2005

Dear Ms. Grafeld:

This is a request under the **Federal Freedom of Information Act** (FOIA), the First
Amendment to the United States Constitution, the common law of the United States, the
Privacy Act (5 U.S.C.) section 552a, and any statue providing for public access to
government information:

I request that I be sent copies of the following documents:

**All records or telephone logs reflecting incoming or outgoing calls by Ambassador
Randall L. Tobias, U.S. Global AIDS Coordinator, and any telephone message clips
and notes related to or indicating invitations or attendance at telephonic conference
calls that were created by or on behalf of Ambassador Randall L. Tobias between
October 6, 2003, and the date on which you process this request.**

I would prefer to receive the largest number of records or documents in electronic form.

I am filing this FOIA request as a "representative of the news media," which both the
Department of State and the Central Intelligence Agency have granted members of my
organization in previous FOIA searches of their archives. This designation entitles me to
a waiver of fees accumulated during the actual search and review process. However, if
your agency does determine that I should be charged for any part of this request, please
contact me before any searches reach an estimate cost of $25.

The Center for Public Integrity is a nonpartisan, nonprofit investigative reporting
organization, based in Washington, D.C., whose mission is to examine and write about
public service and ethics-related issues. The International Consortium of Investigative
Journalists was created in 1997 as a project of the Center for Public Integrity. For more
information on the Center for Public Integrity, ICIJ, and their online publication, please
refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and
http://www.public-i.org.

In reference to our request I have provided the following information addressing the
points listed in the Department of Justice's FOIA Guide, 2002 Edition: Fees and Fee
Waivers, as found online at http://www.usdoj.gov/oip/fees.htm.

1. The content from these records "is likely to contribute" to the understanding of your
agency to the common reader. Our research would not be possible without the specific
content garnered by the release of the requested information. Prior to any action on this
FOIA request, this information is not in the public domain.

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 19

2. Due to the nature of our organization, the Center for Public Integrity, the disclosure under our FOIA request will "contribute to the understanding of the public at large." The information will be posted to our newsletter, *The Public i* and on our website, www.publicintegrity.org, and will be read by a large number of people. We expect the information produced through this and other FOIA requests to serve as the basis for several press releases and articles that explain the actions and operations of government to the general public. Similar stories we have written in the past have increased the understanding of an issue by a large percentages of the public. For example, our organization posted the first stories about the "Lincoln Bedroom" scandal under the Clinton administration, and now the general public knows that campaign contributors to the Democratic Party were allowed to stay at the White House. Other stories, including the Center's exclusive release of Securities and Exchange Commission Records pertaining to President Bush's sale of Harken stock and Vice President Cheney's connections to the Halliburton Corporation have similarly informed the public.

3. In addition to publishing the information on our website, relevant information from this FOIA request will also be distributed to the general public via major news organizations. Among the news organizations that referred to our reports during a recent time period are: CBS, NBC, CNN, NPR, U.S. News & World Report, AP, AFP, Reuters, Knight Ridder, Cox News, New York Times, Washington Post, Los Angeles Times, USA Today, Dallas Morning News, Houston Chronicle, Austin American Statesman, Chicago Tribune, Philadelphia Inquirer, Christian Science Monitor, Atlanta Journal & Constitution, San Francisco Chronicle and the Seattle Times. International newspapers such as The Gazette (Montreal), Daily Telegraph (London), The Guardian, Irish Times, Scotland on Sunday and Hong Kong Mail have also cited the Center reports during a recent time period. We expect that information provided through this FOIA request will similarly result in reporting featured by such national and global news organizations.

The Center for Public Integrity also possesses the skills necessary to process the requested information. We are investigative journalists. We write and post an online newsletter. Other members of the media consider us to be news organization as evidenced by our numerous awards over the years from the Society of Professional Journalists and the Investigative Reporters and Editors Inc. Additionally, many federal agencies have deemed the Center for Public Integrity to be news media for FOIA requests.

4. The disclosures we requested through the Freedom of Information Act do not primarily serve any "commercial interest." Any data derived from our request will be used primarily to educate the public and will be distributed freely. As described in section (3), we represent the news media and plan to distribute this information to the public.

5. In reference to any "commercial interest," we do not have any. Almost all of our money comes from grants and donations. The Center for Public Integrity is a non-profit. Almost all of the publications by the Center are made available without charge.

As I am sure you are aware, the Freedom of Information Act, under 32 C.F. R. 806, requires that if part of a record is exempt from disclosure, you must redact and release all

segregated parts. Please describe the deleted material in detail and specify the reasons for believing that the alleged statutory justification applies in this instance.

I look forward to your decision on granting or denying our request within 20 days as outlined by the statute. As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request. If my request is denied in whole or in part, please specify which exemption(s) is (are) claimed for each passage or whole document denied. In addition, please give the number of pages in each document and the total number of pages pertaining to this request and the dates of the documents withheld. Please provide copies of any logs, internal tracking numbers or other file-tracking device or system of documents in existence but denied disclosure. Such statements will be helpful in deciding whether to appeal an adverse determination.

I appreciate your attention to this and expect, as the FOIA provides, to hear from your office within 20 days. If you have any questions about the nature or scope of this request, please call me at: 202-481-1211.

Sincerely,

Marina Walker Guevara

Marina Walker Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC 20006
202-481-1211
mwalker@icij.org

# ATTACHMENT 20

December 23, 2005
Case Number: 200505170

Ms. Marina W. Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC  20006

Dear Ms. Guevara:

This is in response to your Freedom of Information Act (FOIA) request, dated October 19, 2005, for copies of documents reflecting incoming or outgoing telephone calls made by or on behalf of Ambassador Randall L. Tobias, U.S. Global Aids Coordinator, between October 6, 2003 and the present.

We will begin the processing of your request based upon the information provided in your communication.  We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

---

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

```
PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 20
```

-2-

**Fees:** The Freedom of Information Act requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the "news media" requester category. This category requires us to assess:

- duplication costs after first 100 pages.

(see 22 CFR 171, enclosed)

Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

You have stated your willingness to pay the fees incurred in the processing of this request up to $25.00.

We will notify you of the costs incurred in processing your request as soon as the search for and review of any responsive documents have been completed.

---

Office of Information Programs and Services
U.S. Department of State SA-2
Washington, DC 20522-8100
    Web site: foia.state.gov

Inquiries:
 Phone: 1-202-261-8314
 FAX: 1-202-261-8579
 email: FOIAStatus@state.gov

-3-

While we will make every effort to meet the time limits cited in the Freedom of Information Act (5 USC § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

*K.W.*

Katrina M. Wood
Requester Communications Branch

Enclosure: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

# ATTACHMENT 21

Margaret P. Grafeld
Information & Privacy Coordinator
Office of Information Resources Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-6001

October 18, 2005

Dear Ms. Grafeld:

This is a request under the **Federal Freedom of Information Act** (FOIA), the First Amendment to the United States Constitution, the common law of the United States, the Privacy Act (5 U.S.C.) section 552a, and any statue providing for public access to government information:

I request that I be sent copies of the following documents:

**A copy of any and all log(s) of correspondences (email and mail) sent and received by Ambassador Randall L. Tobias, U.S. Global AIDS Coordinator, between October 6, 2003, and the date on which you process this request. If these logs or records exist electronically, please make us a copy of the data instead of paper copies.**

I would prefer to receive the largest number of records or documents in electronic form.

I am filing this FOIA request as a "representative of the news media," which both the Department of State and the Central Intelligence Agency have granted members of my organization in previous FOIA searches of their archives. This designation entitles me to a waiver of fees accumulated during the actual search and review process. However, if your agency does determine that I should be charged for any part of this request, please contact me before any searches reach an estimate cost of $25.

The Center for Public Integrity is a nonpartisan, nonprofit investigative reporting organization, based in Washington, D.C., whose mission is to examine and write about public service and ethics-related issues. The International Consortium of Investigative Journalists was created in 1997 as a project of the Center for Public Integrity. For more information on the Center for Public Integrity, ICIJ, and their online publication, please refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org.

In reference to our request I have provided the following information addressing the points listed in the Department of Justice's FOIA Guide, 2002 Edition: Fees and Fee Waivers, as found online at http://www.usdoj.gov/oip/fees.htm.

1. The content from these documents "is likely to contribute" to the understanding of your agency to the common reader. Our research would not be possible without the specific content garnered by the release of the requested information. Prior to any action on this FOIA request, this information is not in the public domain.

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 21

2. Due to the nature of our organization, the Center for Public Integrity, the disclosure under our FOIA request will "contribute to the understanding of the public at large." The information will be posted to our newsletter, *The Public i* and on our website, www.publicintegrity.org, and will be read by a large number of people. We expect the information produced through this and other FOIA requests to serve as the basis for several press releases and articles that explain the actions and operations of government to the general public. Similar stories we have written in the past have increased the understanding of an issue by a large percentages of the public. For example, our organization posted the first stories about the "Lincoln Bedroom" scandal under the Clinton administration, and now the general public knows that campaign contributors to the Democratic Party were allowed to stay at the White House. Other stories, including the Center's exclusive release of Securities and Exchange Commission Records pertaining to President Bush's sale of Harken stock and Vice President Cheney's connections to the Halliburton Corporation have similarly informed the public.

3. In addition to publishing the information on our website, relevant information from this FOIA request will also be distributed to the general public via major news organizations. Among the news organizations that referred to our reports during a recent time period are: CBS, NBC, CNN, NPR, U.S. News & World Report, AP, AFP, Reuters, Knight Ridder, Cox News, New York Times, Washington Post, Los Angeles Times, USA Today, Dallas Morning News, Houston Chronicle, Austin American Statesman, Chicago Tribune, Philadelphia Inquirer, Christian Science Monitor, Atlanta Journal & Constitution, San Francisco Chronicle and the Seattle Times. International newspapers such as The Gazette (Montreal), Daily Telegraph (London), The Guardian, Irish Times, Scotland on Sunday and Hong Kong Mail have also cited the Center reports during a recent time period. We expect that information provided through this FOIA request will similarly result in reporting featured by such national and global news organizations.

The Center for Public Integrity also possesses the skills necessary to process the requested information. We are investigative journalists. We write and post an online newsletter. Other members of the media consider us to be news organization as evidenced by our numerous awards over the years from the Society of Professional Journalists and the Investigative Reporters and Editors Inc. Additionally, many federal agencies have deemed the Center for Public Integrity to be news media for FOIA requests.

4. The disclosures we requested through the Freedom of Information Act do not primarily serve any "commercial interest." Any data derived from our request will be used primarily to educate the public and will be distributed freely. As described in section (3), we represent the news media and plan to distribute this information to the public.

5. In reference to any "commercial interest," we do not have any. Almost all of our money comes from grants and donations. The Center for Public Integrity is a non-profit. Almost all of the publications by the Center are made available without charge.

As I am sure you are aware, the Freedom of Information Act, under 32 C.F.R. 806, requires that if part of a record is exempt from disclosure, you must redact and release all

segregated parts. Please describe the deleted material in detail and specify the reasons for believing that the alleged statutory justification applies in this instance.

I look forward to your decision on granting or denying our request within 20 days as outlined by the statute. As I am making this request as a journalist and this information is of timely value, I would appreciate your communicating with me by telephone or email, rather than by mail, if you have questions regarding this request. If my request is denied in whole or in part, please specify which exemption(s) is (are) claimed for each passage or whole document denied. In addition, please give the number of pages in each document and the total number of pages pertaining to this request and the dates of the documents withheld. Please provide copies of any logs, internal tracking numbers or other file-tracking device or system of documents in existence but denied disclosure. Such statements will be helpful in deciding whether to appeal an adverse determination.

I appreciate your attention to this and expect, as the FOIA provides, to hear from your office within 20 days. If you have any questions about the nature or scope of this request, please call me at: 202-481-1211.

Sincerely,

Marina Walker Guevara

Marina Walker Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC 20006
202-481-1211
mwalker@icij.org

# ATTACHMENT 22



United States Department of State

*Washington, D.C.  20520*

January 11, 2006
Case Number: 200600082

Ms. Marina Walker Guevara
The Center for Public Integrity
910 17th Street, NW, Suite 700
Washington, DC  20006

Dear Ms. Guevara:

This is in response to your Freedom of Information Act (FOIA) request dated October 18, 2005, for copies of logs of correspondence (email and mail) sent and received by Ambassador Randall L. Tobias, U.S. Global AIDS Coordinator, between October 6, 2003 and the date processing begins.

We will begin the processing of your request based upon the information provided in your communication. We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

**Fees:** The Freedom of Information Act requires agencies to assess

---

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 22

- 2 -

fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the "news media" requester category.  This category requires us to assess:

- duplication costs after first 100 pages.

(see 22 CFR 171, enclosed)

Based upon the information provided in your letter, your request for a fee waiver has been denied.  If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page.  Your appeal should address the points listed in the enclosed sheet entitled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

You have stated your willingness to pay the fees incurred in the processing of this request up to $25.00

We will notify you of the costs incurred in processing your request as soon as the search for and review of any responsive documents have been completed.

While we will make every effort to meet the time limits cited in the

---

*Office of Information Programs and Services*
*U.S. Department of State SA- 2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

- 3 -

Freedom of Information Act (5 USC § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Katrina M. Wood
Requester Communications Branch

Enclosure: As stated.

Office of Information Programs and Services
U.S. Department of State SA- 2
Washington, DC 20522-8100
    Web site: foia.state.gov

Inquiries:
  Phone: 1- 202- 261- 8314
  FAX: 1- 202- 261- 8579
  email: FOIAStatus@state.gov

# ATTACHMENT 23



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200600082

Ms. Marina Walker Guevara                        MAR 1 3 2006
The Center for Public Integrity
910 17th Street, NW – Suite 700
Washington, DC 20006

Dear Ms. Guevara:

I refer to your letter dated October 18, 2005, requesting the release of certain Department of State material under the Freedom of Information Act (Title 5 USC Section 552).

We initiated a search in the following records system: the Office of the Coordinator of U.S. Global AIDS (S/GAC), resulting in the retrieval of three documents that appear responsive to your request. After reviewing the documents we retrieved, we have determined that they may be released with excisions.

The material in the excised portions of the documents released in part is of such a nature that its release would constitute a clearly unwarranted invasion of personal privacy. As such, it is exempt from release under subsection (b)(6) of the Freedom of Information Act.

In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

Please note that while all three documents represent correspondence logs of Ambassador Tobias in S/GAC, each is in a different format. One document covers Congressional correspondence to the Ambassador and Congressional letters sent elsewhere with copies to Ambassador Tobias. Another document represents the S/GAC correspondence log (including e-mails) done on an Excel data base spreadsheet. Sometime last year, the office began using a Microsoft database; the remaining document is the S/GAC correspondence log in that format.

PEPPE DECLARATION
Civil Action No. 05-02313
Exhibit 23

- 2 -

The Freedom of Information Act provides for the recovery of the direct cost of duplicating records requested for non-commercial use by a representative of the news media. However, no fee is charged if the cost of collecting and processing the fee exceeds the amount of the fee. Since billable costs in this case do not exceed $10.00, your request has been processed without charge to you. The documents are enclosed.

We have now completed the processing of your case. If you have any questions with respect to our handling of your request, you may write to the Office of Information Programs and Services, Room 8100, SA-2, Department of State, Washington, D.C. 20522-8100. Please be sure to refer to the case number shown above in all correspondence about this case.

We hope that the Department has been of service to you in this matter.

Sincerely,

*H. Eugene Bovis*

for     Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosures:
As stated.

## EXPLANATION OF EXEMPTIONS

### The Freedom of Information Act (FOIA) Exemptions

**(b)(1)** Withholding specifically authorized under an Executive Order in the interest of national defense or foreign policy, and properly classified.

#### Executive Order 12958, Classification Categories

    **(a)** Military plans, systems or operations

    **(b)** Foreign government information

    **(c)** Intelligence activities, sources or methods, or cryptology

    **(d)** Foreign relations or foreign activities of the US including confidential sources

    **(e)** Scientific, technological or economic matters relating to national security

    **(f)** USG programs for safeguarding nuclear materials or facilities

    **(g)** Vulnerabilities or capabilities of systems, installations, projects or plans relating to US national security

**(b)(2)** Related solely to the internal personnel rules and practices of an agency.

**(b)(3)** Specifically exempted from disclosure by statute (other than section 552b of Title 5), such as:

    **INA**    the Immigration and Nationality Act, Title USC Section 1202(f).

    **CA**    the Central Intelligence Agency Act of 1949, Title 50 USC Section 403(g).

    **NA**    the National Security Act of 1947, 50 USC 403 (d)(3).

    **EX**    the Arms Export Control Act, 22 USC 2778

**(b)(4)** Privileged/confidential trade secrets, commercial or financial information from a person.

**(b)(5)** Interagency or intra-agency communications forming part of the deliberative process.

**(b)(6)** Release would constitute a clearly unwarranted invasion of personal privacy.

**(b)(7)** Information compiled for law enforcement purposes that would:

    **(A)** Interfere with enforcement proceedings.

    **(B)** Deprive a person of a fair trial.

    **(C)** Constitute an unwarranted invasion of personal privacy.

    **(D)** Disclose confidential sources.

    **(E)** Disclose investigation techniques.

    **(F)** Endanger law enforcement personnel.

### Privacy Act Exemptions

**(b)** No agency shall disclose any record, which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request or with the prior written consent of the individual to whom the record pertains.

**(d)(5)** Information compiled in reasonable anticipation of a civil action proceeding.

**(j)(1)** CIA records.

**(j)(2)** Enforcement of criminal law, including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest.

**(k)(1)** Classified pursuant to E.O. 12958 in the interest of national defense or foreign policy such as intelligence sources and methods.

**(k)(2)** Investigatory material compiled for law enforcement purposes other than criminal.

**(k)(3)** Regarding protective services to the President of the US or other individual pursuant to Title 18, USC, Section 3056.

**(k)(4)** Required by statute to be maintained and used solely as statistical records.

**(k)(5)** Investigatory material compiled solely for the purpose of determining suitability eligibility or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence.

**(k)(6)** Testing or exam material used to determine individual qualifications for appointment or promotion in Federal service, the release of which would compromise the testing or exam process.

**(k)(7)** Material used to determine potential for promotion in the armed services.