# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY, | \| |
| | \| |
| Plaintiff, | \| |
| | \| |
| v. | \|    Civil Action No. 05-2313 (JDB) |
| | \|    ECF |
| U.S. DEPARTMENT OF STATE, | \| |
| | \| |
| Defendant. | \| |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## FOR AN OPEN AMERICA STAY OR EXTENSION OF TIME

Plaintiff Center for Public Integrity hereby opposes defendant U.S. Department of State's

Motion for an Open America Stay of the Proceedings, or in the Alternative, an Extension of

Time. A memorandum and proposed order accompany this opposition.

Respectfully submitted,

_____/s/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY,    |
    |
      Plaintiff,    |
    |
v.    |    Civil Action No. 05-2313 (JDB)
    |    ECF
U.S. DEPARTMENT OF STATE,    |
    |
      Defendant.    |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AN OPEN AMERICA STAY OR EXTENSION OF TIME

In September and October 2005, plaintiff Center for Public Integrity made seven requests for records to defendant U.S. Department of State under the Freedom of Information Act. Although FOIA provides that such requests should normally be processed within 20 working days (5 U.S.C. § 552(a)(6)(A)(i)), now, roughly six months after plaintiff's first request, defendant moves for additional time.

## ARGUMENT

### A. Defendant has not made "reasonable progress," or any progress, in reducing its backlog of pending requests.

As defendant acknowledges, to obtain an *Open America* stay, it must "demonstrate[] reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii). By any normal measure, State last made any progress in reducing its backlog in fiscal year 2004. At the end of that year, it still had a large backlog of unprocessed requests compared with other cabinet-level departments; its situation was dismal except in comparison to its past performance. But instead of maintaining or increasing the resources devoted to processing FOIA requests, State has since cut them, with predictable results.

The following table of numbers of FOIA requests received and processed illustrates defendant's performance:

| Fiscal Year | Pending at year start | Received | Processed | Pending at year end | Backlog as a percentage of yearly processing | Median number of days to process routine/complex requests |
|---|---|---|---|---|---|---|
| 1998 | 4,311 | 3,355 | 2,317 | 5,349 | 231% | 333 |
| 1999 | 5,349 | 3,716 | 3,824 | 5,241 | 137% | 308 |
| 2000 | 5,241 | 3,611 | 3,070 | 5,782 | 188% | 694 |
| 2001 | 5,782 | 3,761 | 3,329 | 6,214 | 187% | 742 |
| 2002 | 6,845 | 3,134 | 4,636 | 5,343 | 115% | 431 |
| 2003 | 5,343 | 3,438 | 5,773 | 3,008 | 52% | 671 |
| 2004 | 3,008 | 3,951 | 4,963 | 1,996 | 40% | 209 |
| 2005 | 1,996 | 4,602 | 3,870 | 2,728 | 70% | not available[1] |

*See* U.S. Department of State, Freedom of Information Act Annual Reports, available via http://foia.state.gov/.

In the current fiscal year, State's backlog has continued to grow, to over 3,400 requests in February. Peppe Decl. ¶ 11. That is to say, in five months it has grown almost as much (roughly 700 requests) as in the previous year.

What steps is defendant now taking to reduce the backlog? It has reduced the budget item associated with FOIA request processing by 19% compared to two years ago. Peppe Decl. ¶ 47. And between 2004 and 2005 it cut the number of staff processing FOIA and Privacy Act requests from 182 to 143 full-time equivalents. U.S. Department of State, Freedom of Information Act Annual Reports, http://foia.state.gov/anrept04.asp and http://foia.state.gov/pdfs/anrept05.pdf, at 17.

In short, at the present time defendant is not making any progress at all in reducing its backlog, let alone "reasonable progress."

---

[1] State's annual report for FY2005 reports a figure of 142 days but notes that "the actual median processing times" may be higher because of reporting problems. U.S. Department of State, "Freedom of Information Act Annual Report, Fiscal Year 2005," http://foia.state.gov/pdfs/anrept05.pdf, at 11.

**B.  No other factors exist to demonstrate the existence of "exceptional circumstances."**

Contrary to defendant's claims (Def.'s Memo at 16), plaintiff has always been willing to attempt to narrow its requests or agree to reasonable time limits. Through counsel, the parties have attempted to negotiate a time limit for the completion of processing of the request. Defendant's last offer was June 2006; plaintiff's was April 2006. Defendant has never requested that plaintiff narrow its request for PEPFAR Country Operating Plans. Furthermore, until filing its motion for a stay, defendant never informed plaintiff of the volume of potentially responsive documents. Nor has plaintiff received any information about the content of these documents that would allow an intelligent narrowing of the request.

**C.  In the absence of "exceptional circumstances," an equitable extension of time is unjustified.**

Plaintiff likewise opposes defendant's request for an extension of time until June 30, 2006. While it is of course within the Court's authority to set the schedule for proceedings in this case, there is on the other hand a clear statutory scheme establishing time limits for the determination of FOIA requests.

Plaintiff made its FOIA requests in September and October 2005. In the absence of "exceptional circumstances," State was required by statute to make its determination of those requests within no more than thirty days. If the Court finds no exceptional circumstances, plaintiff therefore would request that defendant be allowed a minimum of additional time, no more than thirty days, in which to complete processing of plaintiff's requests.

Respectfully submitted,

_____/s/_____

Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
Attorney for Plaintiff